UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANGELA H. PIERCE, | ) |
| Plaintiff | ) ) ) |
| v. | ) )   Civil Action No. |
| SEARS, ROEBUCK and CO., | ) ) ) |
| Defendant | ) ) ) |

**COMPLAINT AND JURY TRIAL DEMAND**

NOW COMES the Plaintiff, Angela H. Pierce, by and through her duly authorized attorneys, Drummond & Drummond, LLP, and hereby complains against the Defendant, Sears, Roebuck and Co., as follows:

**Parties**

1.  The Plaintiff, Angela H. Pierce, is a citizen of the United States of America and is a resident of the Town of North Waterboro, County of York, and State of Maine.

2.  The Defendant, Sears, Roebuck and Co. (hereinafter "Sears") is a foreign corporation engaged in retail sales and doing business in State of Maine.  It has in excess of 500 employees and is engaged in an industry affecting interstate commerce, and has a place of business in the City of South Portland, County of Cumberland, and the State of Maine.

**Jurisdiction and Venue**

3.  This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and the Maine Human Rights Act, 5 M.R.S.A. §§ 4551-4632.  This Honorable Court has proper subject matter jurisdiction over the Plaintiff's federal claims

pursuant to 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1343 (Civil Rights). This Honorable Court has proper pendant jurisdiction over the Plaintiff's state law claims, which are related to and form part of the same case or controversy as the federal claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in the District of Maine pursuant to 28 U.S.C. § 1391(b). Pursuant to Rule 9(a) of the rules of this Honorable Court, this action is properly filed in Portland, because the case arises from actions occurring in the City of South Portland, County of Cumberland, and State of Maine.

**Factual Allegations**

5. Sears hired Ms. Pierce on or about January 15, 1998 to work at its South Portland store.

6. From January 15, 1998 until October, 1998, Ms. Pierce worked in the Fine Jewelry Department as a coordinator.

7. In October, 1998, Sears promoted Ms. Pierce to the position of assistant manager of the Home Improvements Department.

8. Ms. Pierce held this assistant manager position until July, 2001 when Sears again promoted Ms. Pierce and placed her in the manager position of the Home Improvement Department.

9. Ms. Pierce held this manager position until her termination on January 24, 2002.

10. During her employment with Sears, Ms. Pierce always performed her duties in an exemplary, efficient, and profitable manner and earned the praise and respect of customers, co-workers, and Sears itself.

11. On November 13, 2001, Ms. Pierce learned that she was pregnant.

12. Soon thereafter, Ms. Pierce experienced some bleeding, and her doctor informed her that two egg sacks and a blood clot were present.

13. On or about November 21, 2001, Ms. Pierce informed the store manager, Ralph Fournier, on behalf of Sears, that she was pregnant.

14. After hearing this news from Ms. Pierce, Mr. Fournier asked Ms. Pierce when she expected the baby to be born. When Ms. Pierce responded that she expected the baby to be born in or around July 1, 2002, Mr. Fournier exhaled in relief and said "It was good that you weren't due until after mowing season."

15. On November 27, 2001, Ms. Pierce started bleeding again and rushed to her doctor's office. Upon examination, the doctor informed Ms. Pierce that the blood clot was still present, however, one of the egg sacks was gone. The doctor instructed Ms. Pierce to stay out of work for the rest of the week.

16. On December 3, 2001, due to pressure from Mr. Fournier and Sears, Ms. Pierce contacted her doctor and requested approval to return to work. The doctor told Ms. Pierce stay out of work for a couple of more days.

17. On December 5, 2001, Ms. Pierce returned to work after her doctor provided her with medical authorization to do so. However, Ms. Pierce's return to work was conditioned upon her schedule and duties being restricted.

18. On December 7, 2001, Ms. Pierce provided Mr. Fournier with a self-assessment required by Sears. Upon receipt of the self-assessment, Mr. Fournier immediately challenged Ms. Pierce on the information contained therein and talked to her in a derogatory and insulting manner.

19. On December 10, 2001, while closing the store for the evening, Mr. Fournier asked Ms. Pierce how she was feeling, and then implied that he expected her to work through her entire pregnancy.

20. For the remainder of the year and into the first part of 2002, the relationship between Ms. Pierce and Mr. Fournier deteriorated. Mr. Fournier questioned Ms. Pierce's ability to do her job because she was pregnant and began to make inquiries about what Ms. Pierce intended to do for child care after her baby was born.

21. On January 14, 2002, while closing the store for the evening, Mr. Fournier asked Ms. Pierce when her next doctor's appointment was scheduled. Ms. Pierce told Mr. Fournier the next appointment was scheduled for January 15, 2002.

22. Upon hearing this, Mr. Fournier asked Ms. Pierce to tell her doctor that she needed to come back to work full time. Somewhat bewildered by this statement, Ms. Pierce responded that she did not know what her doctor was going to say. Mr. Fournier then stated the following, "Your doctors are going to believe anything you say, so you need to tell them you need to go back to work full time with no restrictions."

23. Becoming upset at Mr. Fournier's statements, Ms. Pierce than asked whether her job would be in jeopardy if she did not come back full time. While Mr. Fournier said nothing, he nodded affirmatively and walked away.

24. On January 15, 2002, Ms. Pierce informed her doctor that she needed to return to work without restrictions. Before the doctor would authorize this, she scheduled an immediate ultrasound.

25. After the doctor's appointment, Ms. Pierce returned to work, and despite the complications she had already experienced with pregnancy, she attempted to work without restrictions in an effort to preserve her job.

26. On January 24, 2002, Mr. Fournier called Ms. Pierce into his office. Mr. Fournier informed Ms. Pierce that she lacked the ability and skills of department manager. This shocked Ms. Pierce given her strong sales and performance figures.

27. Mr. Fournier asked for Ms. Pierce's name badge and pass codes for alarms and then terminated her.

28. Sears and Mr. Fournier subsequently filled Ms. Pierce's position with a male employee who had less experience and whose sales and performance figures were low and a fraction of Ms. Pierce's.

29. On or about April 8, 2002, Ms. Pierce filed an employment discrimination complaint against Sears with the Federal Equal Employment Opportunity Commission (EEOC) and the Maine Human Rights Commission.

30. On October 27, 2003, the Maine Human Rights Commission issued a right to sue letter authorizing Ms. Pierce to file suit under the Maine Human Rights Act against Sears. See Exhibit A attached hereto and incorporated by reference.

31. Ms. Pierce is entitled to a right to sue letter from the EEOC authorizing her to file suit against Sears.

**Count I**
**Sexual Discrimination – Federal**

32. Ms. Pierce repeats and realleges paragraphs 1 through 31 of the Complaint as if fully stated herein at length.

33. By virtue of the foregoing, Sears discharged and intentionally discriminated against Ms. Pierce with respect to her compensation, terms, conditions and/or privileges of employment because of her sex in violation of 42 U.S.C. § 2000e et seq.

34. As a direct and proximate result of Sears' intentional discrimination against Ms. Pierce because of her sex, she has suffered and will continue to suffer damages, including but not limited to, lost wages and benefits, emotional pain and distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to reputation and other non-pecuniary losses.

WHEREFORE, Ms. Pierce respectfully requests that judgment be entered against Sears and for the following relief:

    A. Award all forms of relief authorized under 42 U.S.C. § 2000e-5, including back pay for lost wages and benefits, prejudgment interest on back pay and benefits, and reinstatement or front pay for future lost wages and benefits;

    B. Award compensatory damages in an amount to be determined at trial and prejudgment interest thereon;

    C. Award punitive damages in an amount to be determined at trial;

    D. Award Plaintiff her full costs, including reasonable attorneys fees and expert fees; and

    E. Award such further relief as is deemed appropriate.

### Count II
### Sexual Discrimination – State

35. Ms. Pierce repeats and realleges paragraphs 1 through 34 of the Complaint as if fully stated herein at length.

36. By virtue of the foregoing, Sears discharged and intentionally discriminated against Ms. Pierce with respect to her compensation, terms, conditions and/or privileges of employment because of her sex in violation of 5 M.R.S.A. §§ 4551-4632.

37. As direct and proximate result of Sears' intentional discrimination against Ms. Pierce because of her sex, she has suffered and will continue to suffer damages, including but not limited to, lost wages and benefits, emotional pain and distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to reputation and other non-pecuniary losses.

WHEREFORE, Ms. Pierce respectfully requests that judgment be entered against Sears and for the following relief:

   A. Award all forms of relief authorized under 5 M.R.S.A. §§ 4551-4632, including back pay for lost wages and benefits, prejudgment interest on back pay and benefits, and reinstatement or front pay for future lost wages and benefits;

   B. Award compensatory damages in an amount to be determined at trial and prejudgment interest thereon;

   C. Award punitive damages in an amount to be determined at trial;

   D. Award Plaintiff her full costs, including reasonable attorneys fees and expert fees; and

   E. Award such further relief as is deemed appropriate.

### Count III
### Pregnancy Discrimination – Federal

38. Ms. Pierce repeats and realleges paragraphs 1 through 37 of the Complaint as if fully stated herein at length.

39. By virtue of the foregoing, Sears discharged and intentionally discriminated against Ms. Pierce with respect to her compensation, terms, conditions and/or privileges of employment because of her pregnancy in violation of 42 U.S.C. § 2000e et seq.

40. As direct and proximate result of Sears' intentional discrimination against Ms. Pierce because of her pregnancy, she has suffered and will continue to suffer damages, including but not limited to, lost wages and benefits, emotional pain and distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to reputation and other non-pecuniary losses.

WHEREFORE, Ms. Pierce respectfully requests that judgment be entered against Sears and for the following relief:

    A. Award all forms of relief authorized under 42 U.S.C. § 2000e-5, including back pay for lost wages and benefits, prejudgment interest on back pay and benefits, and reinstatement or front pay for future lost wages and benefits;

    B. Award compensatory damages in an amount to be determined at trial and prejudgment interest thereon;

    C. Award punitive damages in an amount to be determined at trial;

    D. Award Plaintiff her full costs, including reasonable attorneys fees and expert fees; and

    E. Award such further relief as is deemed appropriate.

### Count IV
### Pregnancy Discrimination – State

41. Ms. Pierce repeats and realleges paragraphs 1 through 40 of the Complaint as if fully stated herein at length.

42. By virtue of the foregoing, Sears discharged and intentionally discriminated against Ms. Pierce with respect to her compensation, terms, conditions and/or privileges of employment because of her pregnancy in violation of 5 M.R.S.A. §§ 4551-4632.

43. As direct and proximate result of Sears' intentional discrimination against Ms. Pierce because of her pregnancy, she has suffered and will continue to suffer damages, including but not limited to, lost wages and benefits, emotional pain and distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to reputation and other non-pecuniary losses.

WHEREFORE, Ms. Pierce respectfully requests that judgment be entered against Sears and for the following relief:

    A. Award all forms of relief authorized under 5 M.R.S.A. §§ 4551-4632, including back pay for lost wages and benefits, prejudgment interest on back pay and benefits, and reinstatement or front pay for future lost wages and benefits;

    B. Award compensatory damages in an amount to be determined at trial and prejudgment interest thereon;

    C. Award punitive damages in an amount to be determined at trial;

    D. Award Plaintiff her full costs, including reasonable attorneys fees and expert fees; and

    E. Award such further relief as is deemed appropriate.

**Count V**
**Negligence**

44. Ms. Pierce repeats and realleges paragraphs 1 through 43 of the Complaint as of fully stated herein at length.

45. Sears was negligent in its training and supervision of employees with respect to preventing sex and pregnancy discrimination.

46. By virtue of the foregoing, Ms. Pierce has suffered and is continuing to suffer personal and professional injuries, including lost wages and benefits, emotional pain and distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to representation, injury to family, injury to career, and other pecuniary and non-pecuniary losses.

WHEREFORE, Ms. Pierce respectfully requests that judgment be entered against Sears and for the following relief:

    A. Award back pay for lost wages and benefits and prejudgment interest thereon;

    B. Award reinstatement of Plaintiff to her former position of employment, with all benefits and privileges of employment restored as if she had never been terminated from employment;

    C. Award compensatory damages in an amount to be determined at trial and prejudgment interest thereon;

    D. Award Plaintiff her full costs, including reasonable attorneys fees and expert fees; and

    E. Award such further relief as is deemed appropriate.

### Count VI
### Intentional Infliction of Emotional Distress

47. Ms. Pierce repeats and realleges paragraphs 1 through 46 of the Complaint as of fully stated herein at length.

48. Sears engaged in intentional and/or reckless conduct that inflicted severe emotional suffering and/or would be essentially certain to result in such suffering by Ms. Pierce.

49. Sears' conduct was so extreme and so outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

50. Sears' conduct caused Ms. Pierce emotional suffering so severe that no reasonable person could be expected to endure it.

51. By virtue of the foregoing, Ms. Pierce has suffered and is continuing to suffer personal and professional injuries, including lost wages and benefits, emotional pain and distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to representation, injury to family, injury to career, and other pecuniary and non-pecuniary losses.

WHEREFORE, Ms. Pierce respectfully requests that judgment be entered against Sears and for the following relief:

    A.    Award back pay for lost wages and benefits and prejudgment interest thereon;

    B.    Award reinstatement of Plaintiff to her former position of employment, with all benefits and privileges of employment restored as if she had never been terminated from employment;

    C.    Award compensatory and punitive damages in an amount to be determined at trial and prejudgment interest thereon;

    D.    Award Plaintiff her full costs, including reasonable attorneys fees and expert fees; and

    E.    Award such further relief as is deemed appropriate.

## Count VII
### Negligent Infliction of Emotional Distress

52. Ms. Pierce repeats and realleges paragraphs 1 through 51 of the Complaint as of fully stated herein at length.

53. Sears caused Ms. Pierce to suffer severe emotional distress.

54. As a proximate result of Sears' negligent conduct, Ms. Pierce has suffered and will continue to suffer damages.

55. By virtue of the foregoing, Ms. Pierce has suffered and is continuing to suffer personal and professional injuries, including lost wages and benefits, emotional pain and distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to representation, injury to family, injury to career, and other pecuniary and non-pecuniary losses.

WHEREFORE, Ms. Pierce respectfully requests that judgment be entered against Sears and for the following relief:

    A. Award back pay for lost wages and benefits and prejudgment interest thereon;

    B. Award reinstatement of Plaintiff to her former position of employment, with all benefits and privileges of employment restored as if she had never been terminated from employment;

    C. Award compensatory damages in an amount to be determined at trial and prejudgment interest thereon;

    D. Award Plaintiff her full costs, including reasonable attorneys fees and expert fees; and

    E. Award such further relief as is deemed appropriate.

A JURY TRIAL IS DEMANDED.

                                          Respectfully submitted,
                                          Angela H. Pierce
                                          By her attorney,

Dated: January 20, 2004.                          _____
                                          Paul M. Koziell
                                          Drummond & Drummond, LLP
                                          One Monument Way
                                          Portland, ME 04101
                                          207-774-0317